UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHAWN PATRICK TAYLOR and SHEREE LOUISE TAYLOR, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.: 3:08-CV-312 (VARLAN/GUYTON) |
| STATE FARM FIRE & CASUALTY COMPANY and STATE FARM VP MANAGEMENT CORP., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court for consideration of plaintiffs' Motion to Remand [Doc. 5]. Plaintiffs originally filed a complaint against defendants in the Chancery Court for Monroe County, Tennessee. [*See* Doc. 1-1.] Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants argue that removal was proper because there is diversity of citizenship between the parties and the amount in controversy exceeds the Court's jurisdictional minimum. *See* 28 U.S.C. § 1332. Plaintiffs seek remand of the case to the state court, arguing that the jurisdictional minimum amount in controversy is not satisfied, thereby depriving this Court of original subject matter jurisdiction. [*See* Doc. 5; *see also* Doc. 6.] Defendants responded in opposition to the motion, [Doc. 7], and plaintiffs have filed a reply [Doc. 8.] The Court has reviewed the pleadings, related filings, and the relevant law, and for the reasons discussed herein, plaintiffs' motion will be denied.

## I. Relevant Facts

Plaintiffs Shawn Patrick Taylor and Sheree Louise Taylor were parties to a policy of fire insurance with State Farm Fire & Casualty Company, which insured a home and its contents located at 139 Community Drive, Madisonville, Monroe County, Tennessee 37354. Plaintiffs allege that, while the home was covered by the insurance policy, a fire occurred at the home resulting in a total loss of the building and its contents as a result of fire and water damages. The real property is titled only in Shawn Patrick Taylor's name, and American Home Mortgage Servicing, Inc. possesses a mortgage claim on the property.

The relief sought by plaintiffs includes, "That Shawn Patrick Taylor have and recover of Defendants the fair market value of the structure, including cleanup of the real property and pre-judgment interest on the value of his claim," and "That [the] mortgage indebtedness be satisfied from the proceeds due to plaintiff Shawn Patrick Taylor." [Doc. 1-1.] According to the Sworn Statement in Proof of Loss submitted by Shawn Patrick Taylor, he is making a claim for the value of the structure for $95,250. Additionally, he mortgage balance at the time of the fire was in excess of $53,000.

## II. Analysis

Defendant removed this action from state court to this Court on the basis of diversity of citizenship. Plaintiffs do not challenge defendants contention that the parties are diverse, but they seek remand claiming that the amount in controversy required for federal jurisdiction has not been met.

An action may be removed from state to federal court only if it could have been brought in federal court in the first place; that is, if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original subject matter jurisdiction over actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332. If all other elements of diversity jurisdiction are satisfied, as long as one plaintiff meets the amount in controversy requirement, the Court may assert supplemental jurisdiction over the other claims. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

In determining whether an action was properly removed, this Court must look at the substance of the complaint at the time of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). In determining whether the jurisdictional amount in controversy requirement is satisfied, where a plaintiff does not assert an exact amount of damages, but instead seeks to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford*, 997 F.2d at 158) (internal quotations omitted).

Among plaintiffs' requests for relief is a request "[t]hat Shawn Patrick Taylor have and recover of Defendants the fair market value of the structure, including cleanup of the real property and pre-judgment interest of the value of his claim." [Doc. 1-2.] Defendants state that, according to the Sworn Statement in Proof of Loss submitted by plaintiff Shawn Patrick Taylor, he claims the value of the was $95,250. This amount clearly exceeds $75,000. Plaintiffs do not dispute this claimed amount in their pleadings but instead seem to argue that the jurisdictional amount in controversy is not met because Mr. Taylor's claim should be reduced by the outstanding balance of the mortgage on the property.

The Court finds no support in the law for plaintiffs' suggestion that the amount in controversy should be reduced by the amount of the outstanding balance of Mr. Taylor's mortgage. Mr. Taylor is responsible for the amount due to the mortgage company whether or not he recovers the value of the property from the insurance company. Thus, even if American Home Mortgage Servicing, Inc. has a right to recover the outstanding balance directly from defendants as asserted by plaintiffs, that does not reduce the value of Mr. Taylor's recovery because Mr. Taylor's debt in the amount of the outstanding balance of the mortgage will be discharged. Thus, the Court finds that defendants have shown that it is more likely than not that the value of Mr. Taylor's claim is in excess of the jurisdictional amount.

## III. Conclusion

For the reasons just discussed, defendants have met their burden of demonstrating that the federal jurisdictional requirements have been met and accordingly, plaintiffs' Motion to Remand [Doc. 5] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE